UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMY N. GARCIA,<br><br>　　　　　　　　Defendant. | 5:16-CR-50097-JLV<br><br>REPORT AND RECOMENDATION REGARDING COMPETENCY EVALUATION |

　　Defendant Amy N. Garcia appeared before the court on Friday, July 27, 2018, for an initial appearance on the government's motion to revoke bond and on Friday, August 03, 2018, for an evidentiary hearing on the government's motion to revoke bond. (Doc. 44). At both hearings the defendant appeared in person and by her counsel, the Assistant Federal Public Defender. The United States appeared by the Assistant United States Attorney.

　　The motion to revoke bond alleged, in part, that Ms. Garcia violated her conditions of release by possessing and ingesting narcotics. At the evidentiary hearing, credible testimony was presented that law enforcement responded to a residence where Ms. Garcia was found unresponsive. Medical personnel administered three doses of Narcan to revive Ms. Garcia, suggestive that Ms. Garcia had consumed excessive amounts of narcotics. Law enforcement observed 9 pills remaining in a prescription pill bottle for Oxycodone which was prescribed 6 days earlier containing an initial quantity of 84 pills, suggesting

that 75 pills were consumed during 6 days. The court found that the government failed to meet its burden to prove that Ms. Garcia violated a condition of her bond and denied the government's motion to revoke bond.

The evidence presented on August 3, 2018, is consistent with other information contained within the record that demonstrates "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her to assist properly in her defense." 18 U.S.C. § 4241.

The parties entered into a plea agreement which was filed on April 7, 2017. (Doc. 35). A change of plea hearing was scheduled for May 5, 2017. Ms. Garcia failed to appear at the change of plea hearing and defense counsel advised that Ms. Garcia had recently changed pain medications and was unable to drive to court. The hearing was rescheduled for May 12, 2017. During the change of plea hearing, Ms. Garcia described the narcotics she had taken which were prescribed to her. The court determined that given the large quantity of narcotics and the court's personal observations of and interaction with the defendant, that defendant was not a state of mind whereby the court could conclude that Ms. Garcia was making a knowing and informed decision to plead guilty.

A third change of plea hearing was scheduled for October 6, 2017. During the hearing, Ms. Garcia advised that she had not recently taken any pain medication. However, she advised that she was in extreme pain, given the fact that she hadn't taken any pain medication. The court concluded that Ms.

Garcia was not in a state of mind whereby the court could accept a plea of guilty.

The court has attempted to reschedule the change of plea hearing on multiple occasions, but has been advised that Ms. Garcia is pursuing various medical treatments which may alleviate her pain without impairing her cognitive functions. Sixteen months have passed since filing of the plea agreement with apparently no progress being made on Ms. Garcia's ability to appear in court without impairment. The court has had four opportunities to observe Ms. Garcia's behavior by interacting with her during court proceedings.

Based on these interactions, the record concerning the multiple re-scheduled hearings, and the evidence presented at the bond revocation hearing, the court recommends that an order for a competency evaluation be entered pursuant to 18 U.S.C. § 4241.

DATED this 7th day of August, 2018.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge