UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>AMY N. GARCIA,<br><br>        Defendant. | CR. 16-50097-JLV<br><br><br>ORDER |

**INTRODUCTION**

United States Magistrate Judge Daneta Wollmann filed a report and recommendation ("R&R") and an order temporarily detaining the defendant Amy Garcia pending resolution of the R&R. (Dockets 52 & 53). In the report, the magistrate judge recommends the court order a competency evaluation of the defendant Amy Garcia pursuant to 18 U.S.C. § 4241. (Docket 53 at p. 3). Defendant filed an objection to both the temporary detention order and the R&R. (Docket 54). The government takes no position on either the R&R or defendant's objection. (Docket 55). For the reasons stated below, the defendant's objection to the R&R and her objection to the temporary detention order are overruled.

**ANALYSIS**

On July 26, 2016, a grand jury issued a two-count indictment against the defendant. (Docket 1). The indictment charged Ms. Garcia in count I with larceny in violation of 18 U.S.C. §§ 661 & 1153 and in count II with theft of government property in violation of 18 U.S.C. § 641. Id. Following several

continuances, on April 7, 2017, the defendant entered into a plea agreement with the government. (Dockets 35-37). That same day, the court referred the case to Magistrate Judge Wollmann for purposes of receiving defendant's plea and issuing a report and recommendation. (Docket 38). The magistrate judge scheduled a change of plea hearing for May 5, 2017. During the change of plea hearing, defense counsel advised the magistrate judge that Ms. Garcia's conduct was the result being prescribed a new pain medication but she failed to take the medication so she could appear for the hearing. (Docket 39). The magistrate judge rescheduled the hearing for May 12, 2017. Id. On that date, the magistrate judge placed Ms. Garcia under oath and based on her answers to questions posed, continued the hearing to a later date. (Docket 41). The R&R indicates that upon hearing about the narcotic drugs prescribed to Ms. Garcia and the magistrate judge's "personal observations of and interaction with the defendant," the magistrate judge determined "that defendant was not [of] a state of mind whereby the court could conclude that Ms. Garcia was making a knowing and informed decision to plead guilty." (Docket 53 at p. 2).

At the change of plea hearing on October 6, 2017, the magistrate judge was advised by Ms. Garcia "that she had not recently taken any pain medication. However, [Ms. Garcia] advised that she was in extreme pain, given the fact that she hadn't taken any pain medication." Id. Based on those statements, the magistrate judge concluded "Ms. Garcia was not in a

state of mind whereby the court could accept a plea of guilty." Id. at pp. 2-3. The hearing was continued to a later date. (Docket 42).

On July 18, 2018, the government filed an *ex parte* motion to revoke Ms. Garcia's pretrial release. (Docket 44). The government asserted that the basis for the motion was the allegation Ms. Garcia was "being charged in tribal court with trespassing and possession and ingestion of narcotics. . . . [and] is currently being detained in the Kyle Jail." Id. Magistrate Judge Wollmann issued an *ex parte* order directing that an arrest warrant issue. (Docket 45).

Ms. Garcia was arrested on July 26, 2018. (Docket 49). On July 27, 2018, the magistrate judge held an initial appearance on the government's motion to revoke bond. (Docket 47). Defense counsel requested an evidentiary hearing. Id. The magistrate judge ordered Ms. Garcia detained pending the hearing. Id.; see also Docket 48.

On August 3, 2018, the magistrate judge held an evidentiary hearing. (Docket 50). Following the presentation of evidence, the magistrate judge denied the government's motion to revoke the defendant's pretrial release. Id.; see also Docket 51. At the same time, the magistrate judge entered an order for temporary detention pending resolution of the R&R. (Docket 52).

In addition to the information described above, the R&R included the following concerns:

> At the evidentiary hearing, credible testimony was presented that law enforcement responded to a residence where Ms. Garcia was found unresponsive. Medical personnel administered three doses of Narcan to revive Ms. Garcia, suggestive that Ms. Garcia had

3

consumed excessive amounts of narcotics. Law enforcement observed 9 pills remaining in a prescription pill bottle for Oxycodone which was prescribed 6 days earlier containing an initial quantity of 84 pills, suggesting that 75 pills were consumed during 6 days. . . . The evidence presented on August 3, 2018, is consistent with other information contained within the record that demonstrates "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her to assist properly in her defense."

(Docket 53 at pp. 1-2) (citing 18 U.S.C. § 4241). Based on the magistrate judge's multiple interactions with Ms. Garcia, "the record concerning the multiple rescheduled hearings, and the evidence presented at the bond revocation hearing, the [magistrate judge] recommends that an order for competency evaluation be entered pursuant to 18 U.S.C. § 4241." Id. at p. 3.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court will address the defendant's objections in reverse order, specifically resolving her objections to the R&R first.

COMPETENCY

Ms. Garcia objects to the R&R asserting none of the evidence adduced at the evidentiary hearing focused on her competency. (Docket 54 at p. 3). She

4

argues "[n]o evidence was presented to the Court regarding Ms. Garcia's medical or mental state." Id. Ms. Garcia contends:

> There is no evidence in the record of irrational behavior. Nor any medical opinions about Ms. Garcia's competence. The record contains no evidence that Ms. Garcia does not have the sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding—and whether she has a rational, as well as factual understanding, of the proceedings against her.

Id. at pp. 3-4.

"The focus of a competency inquiry is the defendant's mental capacity; the question is whether [s]he has the *ability* to understand the proceedings." Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) (emphasis in original) (referencing Drope v. Missouri, 420 U.S. 162, 171 (1975) (A defendant is incompetent if she "lacks the *capacity* to understand the nature and object of the proceedings against [her].") (emphasis in original). "The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." Id. (emphasis in original). "[A] competency determination is necessary only when a court has reason to doubt the defendant's competence." Id. at 402 n.13 (referencing Drope, 420 U.S. at 180-181; Pate v. Robinson, 383 U.S. 375, 385 (1966)). "Trial courts have the obligation of conducting a hearing whenever there is sufficient doubt concerning a defendant's competence." Id. at 408 (J. Kennedy concurring in part and concurring in judgment) (referencing Drope, 420 U.S. at 180-181).

"Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea . . . ." United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006). "A defendant is competent if she possesses a sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings." Id. (internal citations and quotation marks omitted). "In determining the defendant's competency, the district court may consider numerous factors, including expert medical opinions and *the court's observation of the defendant's demeanor*." Id. ((emphasis added; internal citations and quotation marks omitted). "Because competency is not static and may change over even a short period of time, . . . parties may move for a competency determination at any stage of the prosecution. And, *a district court shall order a competency hearing upon its own motion if there is reasonable cause to believe a defendant is not competent* and . . . may order a psychological evaluation prior to such a hearing." United States v. Dahl, 807 F.3d 900, 904 (8th Cir. 2015) (emphasis added; internal citations and quotation marks omitted).

When a change of plea is referred to a magistrate judge, it is the obligation of that court to be satisfied the defendant is competent to enter a valid guilty plea. While the magistrate judge may not order a competency evaluation or conduct a competency hearing, the magistrate judge may recommend that action to the district court. Magistrate Judge Wollmann articulated sufficient concerns regarding Ms. Garcia's competency—drug use and personal observations of and interaction with the defendant—to raise doubt

6

as to whether Ms. Garcia is competent to proceed. The court accepts the magistrate judge's findings, adopts the R&R and overrules the defendant's objection. A separate order requiring a competency evaluation will be entered.

DETENTION

Based on the court's decision to require a competency evaluation, the defendant's objection to further detention pending completion of the evaluation is overruled. With defendant's history of disabling drug abuse, as articulated in the R&R, and the magistrate judge's repeated interactions with defendant, the court finds it is appropriate for the defendant to remain in custody until further order of the court.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's objection (Docket 54) is overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 53) is adopted.

IT IS FURTHER ORDERED that defendant's objection to continued detention (Docket 54) is overruled.

IT IS FURTHER ORDERED that the defendant Amy Garcia shall remain in the custody of the United States Marshals Service pending further order of the court.

Dated September 4, 2018.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE